NORTH CAROLINA COTTON COMPANY v. R. N. WILSON AND
THE TOWN OF GASTONIA.

(Filed 8 May, 1912.)

**Cities and Towns—Cotton Weighers—Delivery of Cotton—Bailment —Pleadings—Conversion—Demurrer.**

The delivery of bales of cotton to a cotton weigher appointed under a town ordinance only to weigh the bales is no evidence of bailment either by the town or the weigher appointed by it; and the complaint in an action against them for the value of cotton left thereafter by the owners on the platform, and which was lost without averment of conversion, is demurrable.

APPEAL from *Biggs, J.,* at May Term, 1911, of GASTON.

*A. G. Mangum for plaintiff.*
*Geo. W. Wilson and Jones & Timberlake for defendant.*

CLARK, C. J.   The plaintiff carried two bales of cotton to the defendant Wilson, who was cotton weigher of the town of Gastonia duly appointed.   The town ordinances required all cotton to be weighed.   A short while after Wilson had weighed the cotton, he notified the plaintiff that the two bales were missing: The complaint does not allege that either of the defendants converted said cotton, but avers that they negligently handled and dealt with the cotton so that it was lost.

The town ordinances are set out in the complaint, and it appears therefrom that the cotton was not required to be delivered to the custody of the cotton weigher nor to the town, but merely that the owner thereof shall carry cotton to the weigher to be duly weighed.   There was no bailment of the cotton and none was necessary.   Neither the weigher nor the town assumed custody of the cotton or in any wise became bailee thereof.   The plaintiff might well have stood by while his cotton was being weighed and immediately have taken it away.   Neither the weigher nor the town held itself out as bailee nor agreed to furnish warehouse facilities.   Their entire duty was done when the cotton was weighed.   It was the plaintiff's fault, and at his own risk, that he left the cotton on the platform instead of taking it away.

It is true, it is averred in the complaint that it was the custom of the weigher to tag the cotton. But there was no requirement in the ordinances to that effect, and Wilson testifies that he did in fact tag the cotton and at once rolled it back into line with the other cotton. However that may be, there is nothing in the ordinances or in the nature of the transaction which made the defendants bailees, either gratuitous or otherwise, of the cotton. The sole duty of Wilson was to weigh it. The plaintiff left the cotton on the platform for his own convenience, and as there was neither charge nor proof that the defendants, or either of them, converted the cotton, there was no cause of action stated, and a nonsuit should have been directed. It is found in the issues submitted that the cotton was received solely for the purpose of being weighed; that it was weighed and tagged and placed back in the plaintiff's row of cotton, and that neither of the defendants has converted the cotton.

If there was any conflict in the instructions to the jury, it is immaterial to consider it, inasmuch as upon the complaint and evidence a nonsuit should have been directed.

No error.